The document below is hereby signed.

Signed: July 5, 2019



*S. Martin Teel, Jr.*
*/s/ S. Martin Teel, Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| 1436 FOXHALL ROAD L.L.C., | ) | Case No. 18-00765 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| LARRY Y. HUANG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10008 |
| LANCE O. ESTES, II, *et al.*, | ) | |
| | ) | Not for Publication in |
| Defendants. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS

A defendant, Lance O. Estes, II, has filed a motion wherein he is seeking to have Count I of the plaintiffs' complaint dismissed under Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012, for failure to state a claim upon which relief may be granted.  For the following reasons, that motion will be granted in part and otherwise denied.

I

The relevant facts are that the debtor, 1436 Foxhall Road

L.L.C., in the underlying bankruptcy case (Case No. 18-00765), executed and delivered to Estes a deed of trust (the "Estes Deed of Trust"), dated May 12, 2016, and creating a security interest in property located at 1436 Foxhall Road, NW, Washington, D.C. 20007 (the "Property") to secure a $125,000 debt owed to Estes. Estes recorded the Estes Deed of Trust with the Washington D.C. Recorder of Deeds on May 20, 2016.  Subsequently, the debtor executed and delivered to the plaintiffs a deed of trust, dated August 15, 2017, and creating a security interest in the Property.  The plaintiffs recorded their deed of trust with the Washington D.C. Recorder of Deeds on August 17, 2017.

The debtor initiated the underlying bankruptcy case on November 30, 2018, by the filing of a voluntary petition under chapter 7 of the Bankruptcy Code.  The court approved the *Trustee's Motion for Authority to Sell Real Property Free and Clear of any and all Liens and Interests Pursuant to 11 U.S.C. § 363* on March 23, 2019, with the condition that the remaining liens on the Property would be transferred and attach to the proceeds of the sale.

The plaintiffs filed the complaint initiating this adversary proceeding on March 28, 2019.  The plaintiffs challenge the validity, extent, and priority of the Estes Deed of Trust under Count I of the complaint.  Estes requests dismissal of Count I, which he contends de facto seeks under 11 U.S.C. § 544 to avoid

the Estes Deed of Trust as a fraudulent transfer. Estes contends that the plaintiffs do not have standing under 11 U.S.C. § 544 to avoid the Estes Deed of Trust, and have not presented facts to support a claim under § 544.

## II

A court will dismiss a complaint if it does not plead sufficient facts to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint. *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). A court assumes that all allegations made in the complaint are true when considering a Rule 12(b)(6) motion. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations and facts in the complaint must be construed in the plaintiff's favor. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). "In deciding whether to dismiss a claim under Rule 12(b)(6), the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Id.*

The plaintiffs' Count I contains irrelevant and conclusory

allegations that must be dismissed.  The plaintiffs contend under paragraph 28 that the Estes Deed of Trust is invalid because "funds were loaned and advanced to a Borrower other than the Debtor and for security interest in real estate other than the Property."  It is irrelevant to whom the funds were loaned, or whether the loan was originally secured by real estate other than the Property.[1]

Under D.C. Code § 42-801, a deed of trust takes effect "in the same manner and under the same conditions as absolute deeds." Under D.C. Code § 43-401:

> Any deed conveying real property in the District, or interest therein, or declaring or limiting any use or trust thereof, executed and acknowledged and certified as provided in §§ 42-101, 42-121 to 42-123, 42-306, and 42-602 and delivered to the person in whose favor the same is executed, shall be held to take effect from the date of the delivery thereof, except that as to creditors and subsequent bona fide purchasers and mortgagees without notice of said deed, and others interested in said property, it shall only take effect from the time of its delivery to the Recorder of Deeds for record.

The debtor delivered a deed of trust to Estes that was properly recorded, and is accordingly valid under D.C. Code § 42-801.  The plaintiffs do not challenge the execution, acknowledgment, or delivery of the Estes Deed of Trust to Estes, nor do the

---

[1] The plaintiffs do not request that the recording of the Estes Deed of Trust be avoided as a fraudulent conveyance.  Even if they had requested avoidance of the transfer as fraudulent conveyance, they do not allege sufficient facts to establish a fraudulent conveyance, and there would be an issue of whether they (instead of the bankruptcy trustee) have standing to pursue avoidance of the transfer.

4

plaintiffs challenge the delivery of the Estes Deed of Trust to the Recorder of Deeds.  Accordingly, paragraph 28 must be stricken, and Count I must be dismissed to the extent it relies on the allegations of that paragraph.

Additionally, paragraph 29 is conclusory, and must be stricken.[2]  Count I must be dismissed to the extent it relies on any allegations in paragraph 29.

On the other hand, the plaintiffs also challenge whether the Estes Deed of Trust entitles Estes to attorney's fees, costs, and other charges.  The Estes Deed of Trust provides that "[a]ll principal and accrued but unpaid interest and penalties and charges under the Note are due and payable according to the terms and conditions set forth in the Note."  It further provides "[t]he terms of the Note are incorporated by reference herein and made a part hereof."  The Note referred to in the Estes Deed of Trust is not attached to the Complaint, therefore a material question of fact exists.  Moreover, the Huangs would be entitled to challenge the necessity and reasonableness of any attorney's

---

[2] Paragraph 29 alleges:

> The Huangs have a valid secured claim on the Property by virtue of the Huang Deed of Trust and their advancement of funds as set forth herein, and they have a valid lien as set forth herein, which lien has priority over Mr. Estes' claim on the basis that Mr. Estes' claim is not secured by the Property of the Debtor or is otherwise unsecured or invalid, and the Huangs' claim has priority over that of Mr. Estes.

fees, costs, and charges being claimed by Estes. Accordingly, this claim survives a motion to dismiss.

Estes contends that the plaintiffs do not have standing to avoid his lien under 11 U.S.C. § 544(b). However, the plaintiffs have standing to challenge the extent of a senior lien's coverage of attorney's fees, costs, and other charges, and the necessity and reasonableness of any attorney's fees, costs, or other charges being asserted thereunder. In this regard, Count I does not seek in effect to avoid the transfer to Estes, but seeks instead to contest exactly what is owed to Estes as a debt secured by the Property. Accordingly, Estes' challenge to the plaintiffs' standing must be denied.

Count I seeks a declaration that the plaintiffs' lien is prior to the Estes Deed of Trust. Except for allegations incorporated as well in Count II, in which the plaintiffs seek equitable subrogation to a lien that had priority over the Estes Deed of Trust, Count I does not provide any basis for such relief. Count I will be dismissed as duplicative of Count II except for its challenge to the claim of Estes to attorney's fees, costs, and other charges.

                                III

For all these reasons, it is

ORDERED that the *Motion of Lance O. Estes, II to Dismiss Count I of the Complaint* (Dkt. No. 16) is GRANTED IN PART, and

paragraphs 28 and 29 are stricken, and Count I is dismissed to the extent that it relies upon the allegations laid out in those paragraphs and to the extent it seeks a declaration of priority (without prejudice to the claims asserted in Count II of the complaint seeking a declaration of priority based on equitable subrogation). It is further

ORDERED that the *Motion of Lance O. Estes, II to Dismiss Count I of the Complaint* (Dkt. No. 16) is otherwise DENIED and Count I is not dismissed insofar as it challenges Estes' entitlement to attorney's fees, costs, and other charges, and the necessity and reasonableness of any attorney's fees, costs, and other charges permitted under the underlying Note secured by the Estes Deed of Trust.

[Signed and dated above.]

Copies to: Recipients of e-notifications of orders.